UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

LYNETTE BERNARD                    CIVIL ACTION NO. 6:15-02429

VERSUS                             JUDGE DOHERTY

D G LOUISIANA, L.L.C.              MAGISTRATE JUDGE HANNA

## REPORT  AND  RECOMMENDATION

Pending before the court is the motion to remand for lack of subject-matter jurisdiction, which was filed jointly by the plaintiff, Lynette Bernard, and the defendant, DG Louisiana, LLC.  (Rec. Doc. 10).  The motion was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this Court.  For the following reasons, it is recommended that the motion be DENIED.

### BACKGROUND

This lawsuit originated in the 16th Judicial District Court, Iberia Parish, Louisiana.  The plaintiff, Ms. Bernard, claimed in her original petition that she was injured in a slip-and-fall incident at the Dollar General store on Main Street in New Iberia, Louisiana, on June 3, 2014.  She alleged that she "sustained severe injuries including but not limited to injury to her lumbar spine, right shoulder, and right knee."  (Rec. Doc. 1-2 at 2).  She alleged that she "sustained loss and damage

including but not limited to past, present[,] and future medical expenses, past, present, and future pain and suffering, loss of enjoyment of life, lost earnings[,] and diminished earning potential." (Rec. Doc. 1-2 at 2). She did not allege an amount of damages that she was seeking to recover in the lawsuit nor did she include in her petition a request for a jury trial (which would signal that she was seeking to recover in excess of $50,000 in damages) or a declaration that her damages exceeded $75,000 (the threshold for federal-court jurisdiction). She then filed an amended petition, in which she stated: "Upon best information and belief, it is thought the ultimate amount of damages could exceed $75,000.00." (Rec. Doc. 1-2 at 7). After a nondiverse defendant was dismissed from the suit (Rec. Doc. 1-2 at 15), the defendant DG Louisiana, LLC, removed the action to this forum.

In its removal notice, DG established that the parties to the suit were diverse in citizenship, that the removal was timely, and that the amount-in-controversy requirement was satisfied. DG bolstered its contention that the amount in controversy exceeded the jurisdictional minimum by submitting the plaintiff's answers to interrogatories in which she claimed to have sustained a $45,000 wage loss due to her injuries (Rec. Doc. 1-4 at 2), a report from Dr. David J. Wyatt establishing that he administered a right-sided L5-S1 lumbar epidural steroid injection to the plaintiff on April 16, 2015 (Rec. Doc. 1-4 at 3), and a report from Dr. Wyatt dated August 6, 2015

-2-

recommending bilateral L4-5, L5-S1 medial branch blocks for the plaintiff's pain (Rec. Doc. 1-4 at 4).

A full year later, the parties now seek to have the action remanded.  In support of their motion to remand, the parties submitted a joint stipulation, with the plaintiff stating that the plaintiff's damages are less than $75,000 and renouncing any award in excess of that amount.

## LAW AND ANALYSIS

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute.[1]  Accordingly, federal courts have subject-matter jurisdiction only over civil actions presenting a federal question[2] and those in which the amount in controversy exceeds $75,000 exclusive of interest and costs and the parties are citizens of different states.[3]  The Fifth Circuit has

> established a clear analytical framework for resolving disputes concerning the amount in controversy for actions removed from Louisiana state courts pursuant to § 1332(a)(1).  Because plaintiffs in Louisiana state courts, by law, may not specify the numerical value of claimed damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  The defendant may prove that amount either by demonstrating

---

[1]      *Griffin v. Lee*, 621 F.3d 380, 388 (5th Cir. 2010); *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010).

[2]      28 U.S.C. § 1331.

[3]      28 U.S.C. § 1332.

that the claims are likely above $75,000 in sum or value, or by setting forth the facts in controversy that support a finding of the requisite amount.[4]

Jurisdictional facts must be evaluated at the time of removal.[5]  Therefore, once the federal district court's subject-matter jurisdiction has been established, "subsequent events that reduce the amount in controversy to less than $75,000 generally do not divest the court of diversity jurisdiction."[6]  More particularly, "if it is facially apparent from the petition that the amount in controversy exceeds $75,000 at the time of removal, post-removal affidavits, stipulations, and amendments reducing the amount do not deprive the district court of jurisdiction."[7]  "Post-removal affidavits sometimes can be relevant where the jurisdictional amount question is unresolved"[8] but if, "after removal, by stipulation, by affidavit, or by amendment of his pleadings,

---

[4]        *Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 882–83 (5th Cir. 2000) (internal citations omitted).

[5]        *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[6]        *Gebbia v. Wal-Mart*, 233 F.3d at 883.  See, also, *Allen v. R & H*, 63 F.3d at 1336 ("Once the district court found that it had jurisdiction, the jurisdiction is deemed to have vested in the court at the time of removal.  An amendment to the complaint limiting damages for jurisdictional purposes cannot divest jurisdiction.")

[7]        *Gebbia v. Wal-Mart*, 233 F.3d at 883.

[8]        *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1406 (5th Cir. 1995).

[the plaintiff] reduces the claim below the requisite amount, this does not deprive the district court of jurisdiction."[9]

In this case, the amount in controversy was not ambiguous at the time of removal.  The plaintiff had amended her petition to state that her damages might exceeded $75,000, she claimed in her discovery responses that her past wage claim alone had a value of $45,000, and reports from her treating physician supported a significant amount of medical expenses due to the type of treatment that she had already undergone and that was recommended by her doctor.  Therefore, at the time of removal, the amount in controversy exceeded the jurisdictional minimum.  This Court conducted a jurisdictional review and concluded that the court had subject-matter jurisdiction.  (Rec. Doc. 9).

The motion to remand does not seek to clarify what the amount in controversy was at the time of removal.  Instead, the memorandum in support of the motion states that information learned during discovery has led the parties to conclude that the amount in controversy is less than originally thought.  "Now that more than two years have passed since. . . the accident at issue, sufficient facts have been ascertained to make a good faith assessment of plaintiff's claims."  (Rec. Doc. 10-1 at 2).  In particular, the plaintiff "has resumed work activities" and she did not have the medial

---

[9]     *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 292 (1938).

branch blocks recommended by her doctor.  (Rec. Doc. 10-1 at 2).  The plaintiff is seeking remand based on post-removal events – her return to work sooner than expected and her decision not to undergo recommended medical treatment.  This has no bearing on the amount in controversy at the time of removal.[10]  "While this stipulation might have been sufficient to defeat jurisdiction had it been made timely in the Petition and its Verification, its submission after the removal will not defeat jurisdiction."[11]

Accordingly,

IT IS RECOMMENDED that the motion to remand be DENIED.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

---

[10]     See, e.g., *Cage v. Hobby Lobby Stores, Inc.*, No. 14-58-SDD-RLB, 2015 WL 803120, at *6 (M.D. La. Feb. 25, 2015); *Sonnier v. Republic Fire & Cas. Ins. Co*., No. 06-1554, 2007 WL 1974877, at *2 (W.D. La., July 2, 2007)

[11]     *Griffin v. Georgia Gulf Lake Charles, LLC*, 562 F.Supp.2d 775, 780 (W.D. La. 2008).

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on this 14th day of October 2016.

_____

PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

-7-